(Decided March 1st, 1861.)

---

# Henry A. Pumphrey, and others, surviving obligors of Philip J. Connell, *vs.* The State of Maryland.

The Act of 1842, ch. 269, sec. 5, does not, in terms, nor by implication, negative the authority of the county commissioners to *reappoint* a person as collector who may have failed to qualify under a previous appointment.

Pumphrey, *et al.*, *vs.* The State.

APPEAL from the Circuit Court for Montgomery county.

*Debt*, brought on the 2nd of February 1855, by the State against the appellants, as sureties on the collector's bond of Philip J. Connell. The case was submitted to the court below upon the following agreed statement of facts, with the right of appeal to either party:

It is admitted that the county commissioners for Montgomery county, at a meeting held on the 29th of July 1853, appointed Connell collector of the State tax for the 4th election district of that county, that having failed to give bond within the time limited by law, the said commissioners, at a subsequent meeting, held on the 22nd of August 1853, reappointed him collector as aforesaid, that he failed to bond within twenty days from the said 22nd of August 1853, and the said commissioners, at a subsequent meeting held on the 13th of September 1853, again reappointed him collector as aforesaid, and on the 24th of that month he gave the bond on which this suit was brought, which was approved by the said commissioners on that day, (24th of September 1853.) The defendants contend that the commissioners had no power to reappoint Connell as collector, after he had failed to bond within the time limited by law, and that his reappointment was illegal, and that the defendants, as his sureties, are not legally bound for his acts. If the court shall be of opinion that the said commissioners transcended their authority in reappointing said Connell collector as aforesaid, and that he was not legally appointed a collector at the time the defendants entered into his bond as his sureties, viz., on the 24th of September 1853, then judgment shall be entered for the defendants; but if the court shall be of opinion that said Connell was legally appointed collector at the time the bond was given and approved, and that said commissioners did not exceed their authority in his reappointment, then judgment shall be entered for the State for the amount of the penalty of the bond, to be released on payment of such sum as the State's Attorney for Montgomery county shall say is due.

Upon this statement of facts, the court (BREWER, J.) gave

judgment for the State for the penalty of the bond, to be released on payment of costs, and from this judgment the defendants appealed.

The cause was argued before Le Grand, C. J., Tuck, Bartol and Goldsborough, J.

*John F. Vinson,* for the appellants, argued:

1st. That the statement of facts on which the cause was submitted and decided, does not show a sufficient cause of action to entitle the State to recover. It does not appear from the agreed statement of facts on which the case comes up to this court for decision, that the commissioners for Montgomery county *imposed an assessment or tax for the use of the State on the assessable property* within the 4th election district of that county, for the year 1853, as the Act of 1841, ch. 23, sec. 52, imperatively requires, and having failed to show this, the State cannot maintain its action.

2nd. That the *reappointment* of Connell as collector, after he had twice failed to give bond within the time required by law, was in contravention of the Act of 1842, ch. 269, sec. 5, and void, so far as the appellants are concerned. This section provides: "That if any collector, appointed under the authority of this law, or of the Act of March session 1841, ch. 23, and its supplements, shall fail to give bond as required by law, within twenty days after his appointment, the said levy court, commissioners, or mayor and city council of Baltimore, as the case may be, shall immediately again assemble and *make other appointments in place of those so failing to bond,* and if the collectors so last appointed shall fail to bond, as required by law, within twenty days after their appointment, the levy courts, commissioners, or mayor and city council of Baltimore, as aforesaid, *shall make new appointments in place of those so failing to bond,* and continue, after every twenty days, to fill up said appointments until collectors shall have given bonds for all collection districts in the State."

Here is a power specially delegated, and must be strictly

pursued. The county commissioners possess no general juris-
diction, and can exercise no power or authority except that
conferred on them by Acts of Assembly, and only in the mode
therein prescribed. 1 *H. & J.*, 36, *Quynn vs. State. Ibid.,*
359, *Ellicott vs. Levy Court, &c.* 3 *H. & J.*, 560, *Kerr
vs. The State.* The commissioners for Montgomery county
having appointed Connell, on the 29th of July 1853, collector
for the State tax for the 4th election district of that county,
and he having failed to give bond within twenty days, as re-
quired by law, it became the duty of said commissioners to
*make other appointment in place of said Connell, so failing
to give bond.* The Act of Assembly is imperative, that they
shall make *other appointments in place of those failing to
bond.* It can scarcely be contended that *the reappointment* of
the same person, after he had failed to give bond, is the mak-
ing of other appointments in the place of those so failing to
bond, as required by this Act. Were it so, this strange
anomaly would occur, that the same person would be other
and different from himself. What other *appointment* have
these commissioners made? They appointed the same per-
son. In place of whom? Of himself. The mere statement
of the proposition seems to show its absurdity, and constitutes
its best refutation.

*W. Veirs Bowie,* State's Attorney for Montgomery county,
for the appellee, argued:

1st. The object of the Act of 1842, ch. 269, sec. 5, is to
secure a competent person, who will duly bond, to collect the
State's revenue, and to that end the Act authorises the levy
courts, &c., to make new appointments as often as failures in
the appointees to qualify occur, until the object is attained.
9 *Gill,* 103, *State vs. Milburn.* The intention of the law-
makers must be kept in view. 8 *Md. Rep.,* 95, *Mayor & C.
C. of Balt. vs. Root.* And such laws must be liberally con-
strued. 1 *Gill,* 66, *Mitchell vs. Mitchell.* The Act does not
say, upon failure of one appointee, the levy court, &c., shall
appoint another *person,* but the language is, the levy court,

&c., "shall make other appointments," &c., "new appointments," &c. The reappointment of the same person, is another appointment—a new appointment. So the reappointment of Connell, after his having twice failed to bond, under previous appointments, is within the object, and even language, of the law, and his bond is valid, and his securities liable thereon for his acts as such collector.

2nd. The bond being legal, is a sufficient cause of action to sustain this suit; the release or extent of damages is to be determined by the State's Attorney. The statement of facts admits that the tax had been duly levied for the use of the State when the bond was given, or at least such is a "clear, undeniable deduction" which the court ought to make "from the statements there agreed on." 3 *G. & J.*, 162, *Hysinger vs. Baltzell.* The only question submitted to the court below, was the authority of the commissioners to *reappoint* Connell, who had failed to give bond, as required by law, under former appointments. The decision was in favor of the plaintiff, and from this decision the appeal was taken. The defendants will not be permitted now to raise new questions, but must be confined to the question submitted to the court below. 1 *G. & J.*, 392, *Miller vs. Negro Charles.*

TUCK, J., delivered the opinion of this court.

The agreement on which this case was submitted to the court below, contains nothing about the assessment of taxes; nor was such statement necessary to the decision of the only question presented by the record, to wit: the validity of Connell's appointment, on the 13th day of September 1853.

We have no doubt of the correctness of the judgment. The Act of 1842, ch. 269, does not, in terms or by implication, negative the authority of the commissioners to reappoint a person as collector who may have failed to qualify under a previous appointment. Such neglect or omission might, in many cases, furnish a very good reason why he should not be reappointed; but, in others, there might be satisfactory cause shown for the failure, and the public might be deprived of the services of good officers, if the appellants' interpreta-

tion of the law were accepted. The matter is confided to the judgment and discretion of the appointing power, to be exercised according to the circumstances of cases as they may arise.

*Judgment affirmed.*

(Decided March 6th, 1861.)